IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHELLE NOLAN, individually
and in her capacity as mother and
next friend of NICHOLAS NOLAN,

    Plaintiff,

v.                                             Civil Action No. 5:05CV69
                                                           (STAMP)

KATHY KRUGER, D.O.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I.  Introduction

On March 28, 2003, the plaintiff, on behalf of herself and her son, brought a medical malpractice action against the defendant in the Circuit Court of Ohio County, West Virginia. On May 13, 2005, the defendant removed the action to this Court pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure, arguing that this action is related to the defendant's voluntary petition for bankruptcy filed on February 14, 2005 in the United States Bankruptcy Court for the Northern District of West Virginia.

The plaintiff has moved this Court to remand the case to the Circuit Court of Ohio County. The defendant filed a response in opposition to this motion, and the plaintiff replied. This motion is now fully briefed and ripe for review. After considering the parties' memoranda and the applicable law, this Court finds that the plaintiff's motion to remand should be granted.

## II. Facts

The defendant is a physician who practices family medicine in Ohio County, West Virginia. The underlying lawsuit stems from the defendant's professional actions during the birth of the plaintiff's son, Nicholas Nolan, in April 2001. The plaintiff alleges that the defendant's negligence resulted in Nicholas being born with Respiratory Distress Syndrome ("RDS"). The plaintiff seeks compensatory and punitive damages.

On February 14, 2005, the defendant filed a voluntary petition for bankruptcy under Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of West Virginia (Bankruptcy No. 5:05BK00541). This case remains pending.

## III. Standard of Review

Title 28, United States Code, Section 1452(a) states that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." Title 28, United States Code, Section 1334(b) provides that "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11."

According to the United States Supreme Court in Celotex Corp. v. Edwards, 115 S. Ct. 1493 (1995), "'Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected to the bankruptcy estate,' . . . and that the 'related to' language

of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simple proceedings involving the property of the debtor of the estate. [However,] a bankruptcy court's 'related to' jurisdiction cannot be limitless." Id. at 1499 (citations omitted). The Fourth Circuit has adopted the following definition of § 1334 "related to" jurisdiction: "[A]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 1002, n.11 (4th Cir. 1986), cert. denied, 479 U.S. 876 (1986) (adopting the definition set forth in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).

It should also be noted that "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. See id.

## IV. Discussion

The plaintiff argues that this Court lacks jurisdiction to hear this case because it is not sufficiently "related to" a bankruptcy proceeding. Further, she argues that even if this Court has jurisdiction, it should abstain pursuant to 28 U.S.C. § 1334(c)(2) because the case only involves issues of state law. Finally, the plaintiff argues that equitable grounds make remand appropriate.

In response, the defendant counters that this action is "related to" the bankruptcy proceedings because its outcome could have an effect on the bankruptcy estate. In addition, the defendant argues that this Court need not abstain because no parallel state court action exists and because the plaintiff could have commenced this action in federal court. Finally, the defendant suggests that equitable remand is not appropriate because the circumstances of this case do not weigh in its favor.

The plaintiff argues that she has agreed to proceed solely against the insurance proceeds if the defendant accepts liability in this matter. Thus, the plaintiff suggests that the outcome of this litigation will not affect the bankruptcy estate. Further, she argues that any liability above the insurance proceeds is dischargeable in bankruptcy. Thus, she argues that the bankruptcy estate is not at risk and this action is not "related to" the bankruptcy case.

In response, the defendant counters that any judgment obtained against the defendant would constitute a debt for which she is liable and must be considered as part of her bankruptcy estate. Thus, the defendant argues that, whether or not a judgment above any available insurance proceeds is dischargeable, the judgment itself affects her rights, liabilities, and options.

After considering the applicable law, this Court is unconvinced that a judgment against the defendant will not affect her bankruptcy estate. This Court is not persuaded by the plaintiff's argument that the estate will not be impacted if the plaintiff only seeks compensation within the available insurance

policy limits. Further, this Court notes that the insurance company is providing a defense under a reservation of rights. Thus, the defendant's estate could very well be impacted by the outcome of this action. For these reasons, this Court is satisfied that the present action alters the defendant's rights and liabilities and impacts upon the handling and administration of the her bankruptcy estate. Accordingly, this Court finds that it has subject matter jurisdiction over this action pursuant to the "related to" provisions of 28 U.S.C. § 1334(b).

The plaintiff next argues that, even if this Court has jurisdiction under the "related to" provisions, this Court must abstain pursuant to 28 U.S.C. § 1334(c)(2). Section 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). The plaintiff argues that this section is implicated because: (1) the plaintiff has timely moved for abstention; (2) the proceeding is based upon a state law claim; (3) the proceeding is "related to" a title 11 proceeding but is not a core proceeding; (4) the action could not have commenced in federal court absent jurisdiction under § 1334; and (5) the action can be timely adjudicated in a state forum.

After a review of the applicable law, this Court finds that mandatory abstention is not available in this case. As noted by

the plaintiff, this action is not a core proceeding under 28 U.S.C. § 157. Section 157 specifically excludes from the list of core proceedings "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." 28 U.S.C. § 157(b)(2)(B).[1] Section 157(b)(4) then clearly makes mandatory abstention inapplicable to such actions: "Non-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2)." Thus, mandatory abstention is unavailable in this action, as it is clearly a personal injury tort claim. See Malone v. Hughes, 98 B.R. 115 (Bankr. D.D.C. 1988); see also Haga v. Moskowitz, 2005 U.S. Dist. LEXIS 6896 (W.D. Va. Apr. 22, 2005).

This Court notes, however, that these proceedings are still subject to discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1). See A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 1010 n.14 (4th Cir. 1986); see also In re White Motor Credit, 761 F.2d 270, 273 (6th Cir. 1985) (discussing "the apparent conflict between sections 157(b)(5) and 1334(c)(1)" and finding that

---

[1] The procedural rules for handling personal injury torts or wrongful death claims related to bankruptcy are separately delineated in Section 157(b)(5):

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5).

"section 157(b)(4) of title 28 removes tort cases from mandatory abstention under section 1334(c)(2) but does not remove the discretionary abstention under section 1334(c)(1).") Section 1334(c)(1) states: "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). In analyzing whether permissive abstention is appropriate, a court should consider the following factors:

> (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-debtor parties; (3) the economical use of judicial resources; (4) the effect of remand on the administration of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the possibility of inconsistent results; (11) any expertise of the court where the action originated; and (12) the existence of a right to a jury trial.

Blanton v. IMN Fin. Corp., 260 B.R. 257, 265 (M.D.N.C. 2001)(citations omitted).

This Court notes the existence of several of these factors in the present case. First, this proceeding is based solely on issues of state law that would be better addressed by a state court. Secondly, this case was filed in the state court over two years ago and the state court has, after a number of hearings, become familiar with the relevant facts and legal issues presented. In addition, this case is only remotely related to the defendant's bankruptcy and is unlikely to have a significant impact on the

7

administration of the bankruptcy estate. Given these circumstances, this Court finds that discretionary abstention is appropriate in this case.

The plaintiff argues that the facts also support equitable remand under 28 U.S.C. § 1452(b). This section states that the court to which a bankruptcy-related claim is removed "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Courts have noted that "permissive abstention under § 1334(c)(1) and equitable remand under 28 U.S.C. § 1452(b) are essentially identical." Mann v. Waste Mgmt. of Ohio, 253 B.R. 211, 215 (N.D. Oh. 2000). Thus, this Court's analysis under § 1452(b) reaches the same conclusion -- this case is appropriately remanded to the state court.

Accordingly, the plaintiff's motion to remand is hereby GRANTED. This action is hereby remanded to the Circuit Court of Ohio County, West Virginia, and is DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED: July 7, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE